1  Kane Moon (SBN 249834)
   Lilit Tunyan (SBN 329351)
2  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
3  Los Angeles, California 90017
   Telephone: (213) 232-3128
4  Facsimile: (213) 232-3125

5  Attorneys for Plaintiff MARIA BUSTOS RAMIREZ

6  Johnathan Melmed (SBN 290218)
   Meghan Higday (SBN 334626)
7  **MELMED LAW GROUP P.C.**
   1801 Century Park East, Suite 850
8  Los Angeles, California 90067
   Telephone: (310) 824-3828
9  Facsimile: (310) 862-6851

10 Mehrdad Bokhour, (SBN 285256)
   **BOKHOUR LAW GROUP, P.C.**
11 1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067
12 Telephone: (310) 975-1493

13 Attorneys for Plaintiff RAMONA HOLGUIN

14              **UNITED STATES DISTRICT COURT**

15              **EASTERN DISTRICT OF CALIFORNIA**

16 MARIA BUSTOS RAMIREZ,                    Case No.: 1:22-CV-00542-ADA-SAB
   individually, and on behalf of all others  Related with 1:22-CV-01042-ADA-SAB
17 similarly situated,
                                            Assigned to Magistrate Stanley A. Boone
18        Plaintiff,
                                            CLASS ACTION
19
   vs.                                      **PLAINTIFFS' NOTICE OF MOTION
20                                          AND MOTION FOR PRELIMINARY
   MERRILL GARDENS, LLC a limited           APPROVAL OF CLASS ACTION
21 liability company; and DOES 1 through    SETTLEMENT AND
   10, inclusive,                           CERTIFICATION OF SETTLEMENT
22                                          CLASS; MEMORANDUM OF
          Defendants                        POINTS AND AUTHORITIES IN
23                                          SUPPORT THEREOF**

24
                                            Date:      March 1, 2023
25                                          Time:      10 a.m.
                                            Courtroom: 9
26
                                            Complaint filed:    March 8, 2022
27                                          Action Removed:     April 18, 2022
                                            Action Transferred: May 5. 2022
28

1    TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on March 1, 2023 at 10 a.m., in Courtroom 9 of the

3    above-entitled Court, located at Robert E. Coyle United States Courthouse, 2500 Tulare

4    Street, Fresno, CA 93721, Plaintiffs MARIA BUSTOS RAMIREZ and RAMONA

5    HOLGUIN ("Plaintiffs") will and hereby do move the Court for an order granting

6    preliminary approval of the JOINT STIPULATION OF CLASS AND

7    REPRESENTATIVE ACTION SETTLEMENT ("Settlement" or "Agreement" herein)

8    reached with Defendant MERRILL GARDENS, LLC ("Defendant" or "MERRILL

9    GARDENS"), a true and correct copy of which is attached as Exhibit 1 to the Declaration

10   of Kane Moon submitted herewith. Specifically, Plaintiff moves for an order to:

11         1.  grant preliminary approval of the terms of the Agreement as fair,

12   reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure,

13   including the amount of the settlement; the amount of distributions to class

14   members; the procedure for giving notice to class members; the procedure for

15   opting out of the settlement; and the amounts allocated to the service payment and

16   attorney's fees and costs;

17         2.  preliminarily certify for settlement purposes the Settlement Class

18   described in the Agreement;

19         3.  appoint Plaintiffs as representatives for the Settlement Class;

20         4.  appoint Moon & Yang, APC, Bokhour Law Group, P.C. and Melmed

21   Law Group as counsel for the Settlement Class;

22         5.  approve the use of ILYM Group, Inc. as the settlement administrator;

23         6.  direct that notice issue to members of the Settlement Class as provided in

24   the Agreement; and,

25         7.  schedule a final approval and fairness hearing on a date approximately

26   135 days after preliminary approval (June 19, 2023 is proposed, assuming a

27   preliminary approval order issues shortly after March 1, 2023) to consider whether

28

1    the Agreement should be finally approved as fair, reasonable and adequate under

2    Rule 23(e) of the Federal Rules of Civil Procedure and to rule on the motion for

3    attorney's fees, costs and service payments submitted by Plaintiffs.

4        Plaintiffs' motion is based on this Notice, the following Memorandum of Points

5    and Authorities, the Declarations of counsel, Plaintiffs, and the Settlement

6    Administrator submitted herewith, all other pleadings and papers on file in this action,

7    and any oral argument or other matter that may be considered by the Court.

8        The Parties have conferred extensively about this Motion, and it is not opposed.

9

10                                 Respectfully submitted,

11    Dated:  January 24, 2023        **MOON & YANG, APC**

12                          By: _____

13                                 Kane Moon
                                   Lilit Tunyan

14
15                                 Attorneys for Plaintiff MARIA BUSTOS
                                   RAMIREZ

16                                 **MELMED LAW GROUP P.C.**

17
18                          By:    ____/s/ Johnathan Melmed_____
                                   Johnathan Melmed

19                                 **BOKHOUR LAW GROUP, P.C.**

20                          By:    ____/s/ Mehrdad Bokhour_____
                                   Mehrdad Bokhour

21
22                                 Attorneys for Plaintiff RAMONA
                                   HOLGUIN

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

3  TABLE OF CONTENTS......................................................................................... i

4  TABLE OF AUTHORITIES ............................................................................... iii

5  I.    INTRODUCTION..........................................................................................1

6  II.   SUMMARY OF SETTLEMENT TERMS....................................................1

7  III.  BACKGROUND.............................................................................................5

8        A.   Plaintiffs' Claims..................................................................................5

9        B.   Pre-Mediation Data Production and Analysis............................................7

10       C.   Settlement ............................................................................................7

11 IV.   CLASS DEFINITION ..................................................................................8

12 V.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL .........................8

13       A.   Plaintiffs' Claims Merit Class Action Treatment for Settlement

14            Purposes ...............................................................................................9

15            1.   Numerosity .................................................................................10

16            2.   Commonality and Predominance of Common Issues .....................11

17            3.   Typicality.....................................................................................12

18            4.   Adequate Representation...............................................................13

19            5.   Superiority ...................................................................................13

20       B.   At This Stage, Plaintiffs Need Only Establish That the Settlement Falls

21            Within the Range of Reasonableness.....................................................15

22            1.   The Value of the Settlement to Class Members Is Fair, Reasonable

23                 and Adequate ...........................................................................16

24            2.   The Agreed Upon Fees and Costs Are Reasonable..........................22

25                 a)   Plaintiffs seek reasonable fees. ................................................22

26                 b)   A lodestar crosscheck will support the requested fee...............22

27            3.   The Service Payments Are Reasonable..........................................23

28

4.    The Class Notice...............................................................24

VI.   THE COURT SHOULD SCHEDULE A FAIRNESS HEARING..................... 25

VII.  CONCLUSION ...................................................................... 25

TABLE OF AUTHORITIES

**FEDERAL DECISIONAL AUTHORITY**

*Acosta v. Trans Union LLC*, 243 F.R.D. 377 (C.D. Cal. 2007)...........................................8

*Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305 (6th Cir. 1980) .................................................................................................................................8

*Baldwin & Flynn v. Nat'l. Safety Associates*, 149 F.R.D. 598 (N.D. Cal. 1993) ..............9

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)........................................................ 9, 10

*Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171 (9th cir. 1990) 11

*Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001)10, 12

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .........................................................8

*Elkins v. Equitable Life Ins. Of Iowa*, 1998 WL 133747 (M.D. Fla. 1998)....................12

*Hammon v. Barry*, 752 F.Supp 1087 (DDC 1990)..........................................................14

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)....................................... passim

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992)...........................................11

*In re Armored Car Anti-Trust Litigation*, 472 F.Supp 1357 (ND GA 1979)...................14

*In re Computer Memories Sec. Litig.*, 111 F.R.D. 675 (N.D. Cal. 1986) .........................9

*In re Immune Response Securities Litigation*, 497 F.Supp.2d 1166 (S.D. Cal. 2007) ....14

*In re Mercury Interactive Securities Litigation*, 618 F.3d 988 (9th Cir. 2010) ..............20

*In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57 (S.D.N.Y. 1993) ................22

*In re Southern Ohio Correctional Facility*, 175 F.R.D. 270 (S.D. Ohio 1997)...............20

*Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685 (N.D. Ga. 2001)....................................20

*Lewis v. Gross*, 663 F.Supp. 1164 (E.D.N.Y. 1986) .........................................................9

*Linney v. Cellular Alaska Partnership*, 1997 WL 450064 (N.D. Cal. 1997) .................14

*Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.*, 834 F.2d 677 (7th Cir. 1987) ........................................................................................................................13

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page iii
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

*Mendoza v. United States*, 623 F.2d 1338 (9th Cir. 1980)..................................................22

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ...........................21

*Officers for Justice v. Civil Service Commission of City and County of San Francisco*, 688 F.2d 615 (9th Cir. 1982) ..........................................................................................13

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ........................19

*Pridd v. Edelman*, 883 F.2d 438 (6th Circuit 1989) ........................................................13

*Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986)..................................................9

*Silber v. Mabo*, 18 F.3d 1449 (9th Cir. 1994) ..................................................................21

*Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) .........19

*Sommers v. Abraham Lincoln Federal Savings & Loan Association*, 79 F.R.D. 571 (ED PA 1978)..........................................................................................................................14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ............................................. 8, 13, 19

*Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 688 (M.D. Fla. 2005) ............12

*Valentino v. Carter-Wallace*, 97 F.3d 1227 (9th Cir. 1996) ............................................12

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) ........................................7

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) ..........................20

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .................................... 19, 20

*Wang v. Chinese Daily News*, 231 F.R.D. 602 (C.D. Cal. 2005) ................................. 9, 10

*Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1188 (9th Cir. 2001)......................10

## CASES

*Duran v. US Bank Nat'l Ass'n*, 59 Cal. 4th 1 (2014)........................................................15

## STATUTES

Labor Code § 2699 ............................................................................................................15

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB

Page iv

*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

**OTHER AUTHORITIES**

*Findings of the Study of California Class Action Litigation*, 2000-2006 .........................18

**RULES**

Fed. R. Civ. P. 23 ...................................................................................... passim

**TREATISES**

*Manual for Complex Litigation Second* § 30.44 (1985) .......................................................7

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page v
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

These are two related putative wage and hour class actions titled *Ramirez v. Merrill Gardens, LLC*, Case No. 1:22−CV−00542−ADA−SAB and *Holguin v. Merrill Gardens, LLC*, Case No. 1:22-CV-01042-ADA-SAB pending in the United States District Court for the Eastern District, on behalf of non-exempt employees employed by Defendant MERRILL GARDENS, LLC ("Defendant") in California at any time from March 8, 2018 through the date upon which the Court grants preliminary approval of this class actions settlement ("Settlement"). The core issues in the cases were based on allegations by named Plaintiffs MARIA BUSTOS RAMIREZ and RAMONA HOLGUIN ("Plaintiffs") that Defendant did not provide legally compliant meal periods and rest breaks, did not reimburse employees for business expenses, did not compensate employees for all time worked, and, as a result, wage statements provided to employees were rendered inaccurate, final wages were not timely paid, and the conduct violated the California Private Attorneys General Act of 2004 ("PAGA") and the Unfair Competition Law ("UCL"). Defendant disputes these claims.

The cases were thoroughly investigated by all Parties. Following the production of policy documents, time records, and pay data, and vigorous negotiation at mediation, Plaintiffs and Defendant (Plaintiffs and Defendant collectively referred to herein as the "Parties") reached a proposed class action settlement of both cases valued at $825,000.00 for approximately 3,780 putative class members.

The Parties believe the Settlement to be fair and reasonable, to adequately reflect the potential liability and substantial risks in this matter, and to be the result of thorough factual and legal analyses and arms-length negotiations. Through this Motion, Plaintiffs request certification of a Settlement Class pursuant to Fed. R. Civ. P. 23 and preliminary approval of the proposed class action settlement.

## II. SUMMARY OF SETTLEMENT TERMS

The full terms of the settlement are set forth in the Stipulation. The primary

material terms are as follows:

    (a)    <u>The Settlement Class is</u>:  All non-exempt employees of Defendant who worked for Defendant in California during the Class Period, (the "Class Period" is March 8, 2018 through the date upon which the Court grants preliminary approval of this Settlement).  (Settlement, ¶¶ 3-4.)

    (b)    Defendant agrees not to oppose certification of a Class for purposes of Settlement only (Settlement, ¶ 19);

    (c)    <u>Settlement Amount</u>:  Defendant will pay a maximum of **$825,000.00**, referred to as the Gross Settlement Amount (or GSA herein), resulting in an estimated average **gross** payment per Class Member of about **$218.25** (Settlement, ¶ 26(c));

    (d)    <u>Class Size</u>:  Approximately **3,780** individuals are Settlement Class Members. (Settlement, ¶ 4, Moon Decl., ¶ 35.)  There are approximately **219,646** work weeks worked by the Settlement Class Members as of October 2022.

    (e)    <u>No Reversion</u>: The Settlement is a ***non-reversionary*** settlement. Remaining funds will be distributed to The Children's Advocacy Center, an organization committed to assisting children who are victims of physical or sexual abuse, or who have witnessed acts of violence, located at 1650 E. Old Badillo St. #C3, Covina, CA. 91724, http://childrensadvocacyctr.org/ in accordance with Code of Civil Procedure section 384 (Settlement, ¶ 26(e));

    (f)    <u>Certification</u>:  Plaintiffs address certification requisites herein, at Part IV.A., and in the accompanying Declaration of Kane Moon.

    (g)    <u>No Claim Form</u>:  No claim form is required;

    (h)    <u>Class Release</u>:  The Settlement will release specified wage-and-hour claims for Settlement Class Members (those Class Members who do

Case No.: 1:22-CV-00542-ADA-SAB                      *Ramirez v. Merrill Gardens, LLC*
Case No.: 1:22-CV-01042-ADA-SAB     Page 2         *Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

not timely opt out of the Settlement) (Settlement, ¶¶ 4, 37);

(i)    <u>PAGA Release</u>:  The Class Members will release the PAGA Claims set forth in this Action, that were identified in the Complaint and Plaintiff's LWDA Notice Letter, regardless of whether they opt out of the class portion of the Settlement (Settlement, ¶¶ 16, 37);

(j)    <u>Net Settlement Amount Available to the Class</u>: After deducting Class Counsels' attorneys' fees and costs, service payments to Plaintiffs, estimated Administration costs, and the payment to the LWDA, the remainder will be available for distribution to Class Members who do not opt out, with each Class Member receiving a share based on the number of workweeks each Class Member worked for Defendant in a relevant position within the Class Period.  The Net Settlement Amount is estimated to be at least **$411,250.00** resulting in an average **net** payment per Class Member of at least **$108.80**, before any tax withholdings (excluding the aggrieved employees' share of PAGA penalties). (Settlement, ¶ 26(g).)

(k)    <u>Tax Allocation</u>: One-third (1/3) of all Settlement Class Payments to Settlement Class Members shall be considered wages and shall be subject to the withholding of all applicable local, state and federal taxes, and two-thirds (2/3) of all Settlement Class Payments to Settlement Class Members shall be considered non-wages for the settlement of interest claims, liquidated damages, and statutory and civil penalty claims. (Settlement, ¶ 26(k).)  The PAGA Settlement Payment shares to PAGA Employees will be entirely allocated to penalties.  (Settlement, ¶ 26(j).)

(l)    <u>Employer's Portion of Payroll Taxes Paid Separately</u>: Defendant's portion of payroll taxes (e.g., FICA, FUTA, etc.) owed on any settlement payments to Class Members that constitute wages will be

Case No.: 1:22-CV-00542-ADA-SAB                        *Ramirez v. Merrill Gardens, LLC*
Case No.: 1:22-CV-01042-ADA-SAB    Page 3            *Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

paid separate and apart from the GSA (Settlement, ¶ 26(h));

(m) <u>Settlement Administrator</u>:  The notice portion of the Settlement will be administered by a third-party Administrator, ILYM Group, Inc., and actual costs of administration are estimated to be $30,000.00 (Settlement, ¶ 26(p));

(n) <u>Class Data for Administration</u>:  The Administrator will receive the Class List within 14 calendar days of Preliminary Approval Date, use the NCOA database to update the Class List, and then use skip tracing on returned Notices (Settlement, ¶ 32(a));

(o) <u>Notice</u>:  The Notice will be distributed within 28 calendar days of the Preliminary Approval Date (Settlement, ¶ 32(b)).  The Notice describes how to dispute workweeks, submit an objection in writing, in person or through an attorney, or request exclusion (Settlement, ¶ 26(s) and Exhibit A thereto).

(p) <u>Objections</u>:  Written objections must be submitted by the response deadline; oral objections may be presented at the time of hearing (Settlement, ¶ 26(x));

(q) <u>Exclusion Requests</u>:  The procedure for exclusion requests, mailing a request to the Administrator, is the same as the procedure for submitting a written objection (Settlement, ¶¶ 26(w) and 26(x));

(r) <u>PAGA Allocation</u>: From the GSA, **$85,000.00** will be allocated to settle claims brought pursuant to the California Private Attorneys General Act, Labor Code § 2699 *et seq*. ("PAGA"). Seventy-five percent (75%) of this amount, or **$63,750.00**, will be paid to the California Labor & Workforce Development Agency. (Settlement, ¶ 11.)

(s) <u>Notice to LWDA</u>:  Notice was provided prior to the filing of this Motion.  Evidence is attached to the Moon Declaration.

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 4
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

(t)    <u>Enhancement/Service Awards to Plaintiff</u>: Defendant will not oppose the application for Class Representative Service Payments of up to **$7,500** for each Plaintiff (for a total of $**15,000.00**), to be paid from the GSA (Settlement, ¶ 26(g));

(u)    <u>Fees and Costs</u>:  Defendant will not oppose Class Counsel's application for fees not to exceed 33 1/3% of the GSA (**$275,000.00**), and actual costs, in an amount not to exceed **$30,000**, to be paid out of the GSA; (Settlement, ¶ 26(m)).

(v)    <u>Uncashed Checks</u>:  Any settlement checks that are mailed to the Class Members and remain uncashed after 180 days of the date of issuance will be cancelled, and shall be distributed to The Children's Advocacy Center, an organization committed to assisting children who are victims of physical or sexual abuse, or who have witnessed acts of violence, located at 1650 E. Old Badillo St. #C3, Covina, CA, 91724, http://childrensadvocacyctr.org/ n accordance with Code of Civil Procedure section 384 (Settlement, ¶¶  26 (e), 29, 35);

(w)    <u>Check Void Period</u>:  Settlement checks will be valid for 180 days (Settlement, ¶ 34);

(x)    <u>Confidentiality Provisions</u>:  The Settlement permits Class Counsel to discuss the Settlement with Class Members (Settlement ¶ 57).

(Declaration of Kane Moon (Moon Decl., ¶ 10).)  A true and correct copy of the JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT is attached thereto as Exhibit "1."

## III.    BACKGROUND

### A.    Plaintiffs' Claims

On March 8, 2022, Plaintiff MARIA BUSTOS RAMIREZ filed a putative Class Action alleging the following labelled causes of action: (1) Failure to Pay Minimum Wage and Straight Time Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to

Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]. The Ramirez matter was subsequently removed to federal court. On May 5, 2022, pursuant to the Parties' stipulation in the Ramirez matter, the matter was transferred to the United States District Court for the Eastern District. On June 15, 2022, Plaintiff MARIA BUSTOS RAMIREZ filed her First Amended Complaint adding claims for civil penalties under Private Attorneys General Action of 2004 (PAGA) pursuant to Labor Code § 2698, et seq.          On June 6, 2022, Plaintiff RAMONA HOLGUIN filed a putative Class and PAGA Action alleging the following labelled causes of action: (1) Failure to Pay All Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay All Overtime Wages [Cal. Lab. Code  §§ 510, 1194, and 1198]; (3) Failure to Provide Rest Periods and Pay Missed Rest Period Premiums [ Cal. Lab. Code § 226.7]; (4) Failure to Provide Meal Periods and Pay Missed Meal Period Premiums [Cal Lab. Code §§ 227.7, 512]; (5) Failure to Maintain Accurate Employment Records [Cal. Lab. Code §§ 1174, 1174.5]; (6) Failure to Pay Wages Timely During Employment [Cal. Lab. Code §§ 200, 204]; (7) Failure to Pay All Wages Earned and Unpaid at Separation [Cal. Lab. Code §§ 201-203]; (8) Failure to Reimburse Necessary Business Expenses [Cal. Lab. Code § 2802]; (9) Failure to Furnish Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; (10) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; and (11) PAGA Penalties [Cal. Lab. Code § 2698 et seq.].  The Holguin matter was subsequently removed to federal court in the United States District Court for the Central District. On August 15, 2022, pursuant to the Parties' stipulation, the Holguin matter was transferred to the United States District Court for the Eastern District (both actions together the "Action"). (Moon Decl., ¶ 4.)

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 6
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

### B.    Pre-Mediation Data Production and Analysis

The Parties have conducted significant investigation of the facts and law during the prosecution of this litigation. (Moon Decl., ¶ 5.)  Such investigation has included informal written discovery; the pre-mediation exchange of information and voluminous data; and, numerous communications between the Parties. (*Id.*)  The Parties have further investigated the applicable law as applied to the alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed by Plaintiffs. (*Id.*)

After reviewing documents regarding Defendant's wage and hour policies and practices and other information obtained during the informal exchange of discovery, Class Counsel were able to evaluate the probability of class certification, success on the merits, and the reasonably obtainable maximum monetary exposure for all claims. Class Counsel reviewed these records and prepared a damage analysis prior to mediation. Class Counsel also investigated the applicable law regarding the claims and defenses asserted in the litigation.  (Moon Decl., ¶ 6.)

### C.    Settlement

On November 22, 2022, the Parties participated in a day-long mediation before Steven Rottman, a well-regarded mediator who has mediated many wage and hour class actions. (Moon Decl., ¶ 7.)  At the mediation, the Parties discussed at length the burdens and risks of continuing with the litigation as well as the merits of the claims and defenses. (*Id.*)  The Parties agreed to the basic terms of a proposed settlement and ultimately signed a long form settlement agreement (the Agreement). (*Id.*)

Plaintiffs and Class Counsel are aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to Defendant's defenses thereto.  (Moon Decl., ¶ 8.)  Plaintiffs and Class Counsel have also taken into account Defendant's agreement to enter into a Settlement that confers substantial relief upon the Class.

Based on the foregoing, Plaintiffs and Class Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate, and reasonable Settlement and is

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 7
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

in the best interests of the Class. (Moon Decl., ¶ 9.) Solely for the purpose of settling this case, the Parties stipulate to class certification. (*Id*.) If this Settlement is not approved by the Court for any reason, Defendant reserves its rights to contest class certification. (*Id.*) This Settlement, if approved by the Court, will result in the termination with prejudice of the litigation through the entry of the Judgment and the release of all Released Claims for all Class Members, including all within the class definition who have not elected to exclude themselves from the Class. (*Id.*)

## IV.    CLASS DEFINITION

The Class is defined as follows:

All non-exempt employees of Defendant who worked for Defendant in

California during the Class Period, (the "Class Period" is March 8, 2018

through the date upon which the Court grants preliminary approval of this

Settlement). (Settlement, ¶¶ 3-4.)

(Moon Decl., ¶ 34 and Exhibit 1.)

## V.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL

The law favors settlement, particularly in class actions and other complex cases, where substantial resources can be conserved by avoiding the time, cost, and the rigors of formal litigation. *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). These concerns apply in a case such as this, where allegedly wrongful practices potentially affected numerous employees, in relatively small amounts.

Any settlement of class litigation must be reviewed and approved by the court. This is done in two steps: (1) an early (preliminary) review by the court, and (2) a final review after notice has been distributed to the class for their comment or objections. The *Manual for Complex Litigation Second* states at § 30.44 (1985):

A two-step process is followed when considering class settlements … if

the proposed settlement appears to be the product of serious, informed,

non-collusive negotiations, has no obvious deficiencies, does not

improperly grant preferential treatment to class representatives or

1
2
3
4

segments of the class, and falls within the range of possible approval, then
the court should direct that notice be given to the class members of a
formal fairness hearing, at which evidence may be presented in support of
and in opposition to the settlement.

When parties reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Acosta v. Trans Union LLC*, 243 F.R.D. 377, 383 (C.D. Cal. 2007).

"The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.' This hearing is not a fairness hearing; its purpose, rather is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 314 (6th Cir. 1980) [quoting Manual for Complex Litigation s 1.46, at 53-55 (West 1977)]. "[T]he district court must assess whether a class exists," *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003), *i.e.*, whether the lawsuit qualifies as a class action under Rule 23. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (reviewing settlement to ensure compliance with requirements of Rule 23(a) and Rule 23(b)(3)).

At the second stage of the approval process, after class members have had an opportunity to object to the settlement, the court makes a final determination whether the settlement is "fair, reasonable and adequate" under Rule 23(e). *Armstrong*, 616 F.2d at 314; *see Staton*, 327 F.3d at 952; *see also* Rule 23(e)(C)(1), which provides that a court may finally approve a settlement of a class action if it finds after a hearing that the settlement is "fair, reasonable, and adequate" and Rule 23(e)(C)(4), which provides that any class member may object to a proposed settlement.

A.    **Plaintiffs' Claims Merit Class Action Treatment for Settlement Purposes**

At the preliminary approval stage, a plaintiff need only make a "prima facie

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

showing" of the requirements of Rule 23.[1]  In determining the propriety of class certification, a court may not delve into the underlying merits of the claims.  The fundamental question "is not whether . . . plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

The Ninth Circuit has established that, when ruling on the propriety of class certification, a district court "is bound to take the substantive allegations of the complaint as true."  *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).  A court "may not require plaintiffs to make a preliminary proof of their claim; it requires only sufficient information to form a reasonable judgment."  *Baldwin & Flynn v. Nat'l. Safety Associates*, 149 F.R.D. 598, 600 (N.D. Cal. 1993).  Under these standards, this action meets the requirements for certification under Rule 23(a) and Rule 23(b)(3).

### 1.    Numerosity

Under Rule 23(a)(1), a class action may be maintained where "the class is so numerous that joinder of all members is impracticable."  In determining whether joinder would be impracticable, a court may consider not only the sheer number of class members, *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (numbers alone may be dispositive), but also "the nature of the action, the size of the individual claims, [and] the inconvenience of trying individual suits."  *Wang v. Chinese Daily News*, 231 F.R.D. 602, 606 (C.D. Cal. 2005).  "A class action may proceed upon estimates as to the size of the proposed class."  *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).  *See also, In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 679 (N.D. Cal. 1986) (class certified where plaintiffs did not establish exact size, but demonstrated that class would "obviously be sufficiently numerous").

In this action, the Class is composed of approximately 3,780 individuals.  (Moon

---

[1] *See*, Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 10:573 (The Rutter Group 2006).

Decl., ¶ 35.)  It is sufficiently numerous that the individual joinder of all members is impracticable.

### 2.    Commonality and Predominance of Common Issues

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." This commonality requirement is "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Plaintiffs need not demonstrate that all questions of fact and law are common.  "The existence of shared legal issues with divergent factual predicates is sufficient." *Id*.  Where a class is united by a common interest in determining whether a defendant's broad course of conduct is actionable, commonality is not defeated "by slight differences in class members' positions." *Blackie,* 524 F.2d at 901 n.17.

In this litigation, all Class Members have shared a common interest in determining: whether Defendant provided legally compliant meal periods and rest breaks to Class Members; whether Defendant paid employees for all time worked; whether Defendant violated the itemized wage statement provisions of Labor Code § 226 by not providing accurate information as to wages; whether Defendant reimbursed employees necessary business expenses; ] whether Defendant's policies and practices violated California Business & Professions Code §§ 17200 *et seq*., and whether Defendant's policies and practices violated PAGA.

Given the permissive standard that courts in the Ninth Circuit employ when determining commonality, certification of the Class for settlement purposes is appropriate as Rule 23(a)(2) is satisfied.

Once it is established that common issues of law or fact exist, for Rule 23(b)(3) purposes, the Court next examines whether those common issues predominate. The predominance inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to predominance is "the notion that the adjudication of common issues will help achieve judicial economy." *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1188, 1189 (9th Cir. 2001).  When common questions

1  represent a significant aspect of the case and they can be resolved for all members of the

2  class in a single adjudication, there is clear justification for handling the dispute on a

3  representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.  It is well

4  settled that the need for determining differing amounts of damages suffered by different

5  class members does not preclude class certification.  *See*, *Blackie*, 524 F.2d at 905; *Wang*,

6  231 F.R.D. at 613.

7       There are common issues that may predominate over individual issues in this

8  litigation.  For example: (1) whether Defendant uniformly failed to provide Class

9  Members with legally compliant meal periods and rest breaks; (2) whether Defendant

10 required or permitted employees to work off the clock; (3) whether Defendant paid split

11 shift premiums and included all remuneration paid to employees in calculation of meal

12 premiums, sick pay and overtime; (4) whether Defendant provided putative Class

13 Members with itemized wage statements that were inaccurate in violation of Labor Code §

14 226; (5) whether Defendant reimbursed employees for necessary business expenses, and

15 (5) whether Defendant failed to pay all overtime wages due and payable to former

16 employees within the times specified under the California Labor Code.

### 3.    Typicality

18      Rule 23(a)(3) requires that the representative plaintiff have claims "typical of the

19 claims . . . of the class."  This factor is also construed permissively.  *See Hanlon*, 150 F.3d

20 at 1019-20.  Representative claims are typical "if they are reasonably co-extensive with

21 those of absent class members; they need not be identical."  *Id*. at 1020.  In other words,

22 named plaintiffs need not be "identically situated" with all other class members.  "It is

23 enough if their situations share a common issue of law or fact and are sufficiently parallel

24 to insure a vigorous and full presentation of all claims for relief."  *Cal. Rural Legal*

25 *Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990).

26      Typicality refers to the "nature of the claim . . . of the class representative, and not

27 to the specific facts from which it arose."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497,

28 508 (9th Cir. 1992).  The typicality requirement is satisfied where "the named Plaintiffs

raise the same Labor Code violations as other putative class members." *Id.* Here,
Plaintiffs are raising the same claims as the putative class members and have alleged no
other individual claims in this matter. (Moon Decl., ¶ 37; Declaration of Ramirez, ¶¶ 5-11;
Declaration of Holguin, ¶¶ 8.)

### 4. Adequate Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately
protect the interests of the class." Adequate representation turns on whether the named
plaintiff and his counsel "have any conflicts of interest with other class members," and
whether the named plaintiff and his counsel will "prosecute the action vigorously on behalf
of the class." Adequacy may be established by the mere fact that counsel are experienced
practitioners. *Hanlon*, 150 F.3d at 1020.

There are no conflicts of interest between Plaintiffs and Class Members, and
Plaintiffs have both shown and expressed their willingness to represent Class Members.
(Declaration of Ramirez, ¶¶ 5-11; Declaration of Holguin, ¶¶ 11-12.) The similarity of the
claims asserted and remedies sought by Class Members and Plaintiffs do not suggest any
divergent interests held by Plaintiffs. Defendant did not assert unique defenses against
Plaintiffs that it could not assert against any other Class Member. Also, there are no
conflicts with Plaintiffs' counsel.

Plaintiffs' counsel have substantial class action experience and can adequately
represent the Class. They have been appointed class counsel in many wage and hour class
actions against major employers. (Moon Decl., ¶¶ 21-26; Melmed Decl., ¶¶ 5-8, Bokhour
Decl., ¶¶ 6-7.)

### 5. Superiority

In deciding whether to certify a class for settlement purposes, a court considers the
following factors to determine whether a class action is superior: (a) class members'
interests in individually controlling the prosecution or defense of separate actions; (b) the
extent and nature of any litigation concerning the controversy already commenced by or
against members of the class; and (c) the desirability or undesirability of concentrating the

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 13
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

litigation of the claims in the particular forum.[2]  Some courts have found that the third Rule 23(b)(3) factor is "conceptually irrelevant in the context of a settlement."  See *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005).  "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious." *Elkins v. Equitable Life Ins. Of Iowa*, 1998 WL 133747, at *19 (M.D. Fla. 1998).

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court compares a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that it satisfies the superiority requirement.  *See Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").  "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartender Trust Fund*, 244 F.3d at 1163.  In *Culinary/ Bartender Trust Fund*, the Ninth Circuit held that the "case involve[d] multiple claims for relatively small sums" and that the class action clearly served as the only method that would "'permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'"  *Id*. at 1163.

The class action is superior here as it is on the only method that will allow Class Members "to pool [their individual] claims which would be uneconomical to litigate individually." *Id.*

The factors articulated in Rule 23(b)(3)(A), (B) and (C) also favor class certification.  It is difficult to believe that any Class Members have an interest in individually controlling the prosecution of separate actions, given the relatively small sums involved for any one Class Member.  Any Class Member who wants to pursue a separate action can opt out of the Settlement.

---

[2] Rule 23(b)(3)(A)-(C). When a court reviews a class action settlement, it does *not* consider Rule 23(b)(3)(D), the fourth factor, regarding difficulties of managing a class action. *Amchem Products Inc. v. Woodward* (1997) 521 U.S. 591, 620 (in deciding whether to certify a class for settlement purposes, a district court "need not inquire whether the case, if tried, would present intractable management problems").

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 14
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1    Also, it is desirable to concentrate the issues in this forum.  The Settlement allows

2    all individuals to resolve similar claims against Defendant through a process that does not

3    even require the submission of a claim form.

4    **B.    At This Stage, Plaintiffs Need Only Establish That the Settlement Falls**

5    **Within the Range of Reasonableness**

6    No single criterion determines whether a class action settlement meets the

7    requirements of Rule 23(e).  The Ninth Circuit has directed district courts to consider a

8    variety of factors without providing an "exhaustive list" or suggesting which factors are

9    most important.  *See, Staton*, 327 F.3d at 959.  "The relative degree of importance to be

10   attached to any particular factor will depend upon and be dictated by the nature of the

11   claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances

12   presented by each individual case."  *Officers for Justice v. Civil Service Commission of*

13   *City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

14   Due to the impossibility of predicting any litigation result with certainty, a district

15   court's evaluation of a settlement essentially amounts to "'an amalgam of delicate

16   balancing, gross approximations and rough justice.'"  *Id*. at 625.  The ultimate touchstone,

17   however, is whether "class counsel adequately pursued the interests of the class as a

18   whole."  *Staton*, 327 F.3d at 961.

19   As the Ninth Circuit explained in *Officers for Justice*, the district court's role in

20   evaluating a class action settlement is therefore tailored to meet that narrow objective.

21   *Officers for Justice*, 688 F.2d at 625.  Review under Rule 23(e) "must be limited to the

22   extent necessary to reach a reasoned judgment that the agreement is not the product of

23   fraud or overreaching by, or collusion between, the negotiating parties."  *Id*.  Accordingly,

24   the Ninth Circuit will not reverse a district court's approval of a class action settlement

25   "unless the fees and relief provisions clearly suggest the possibility that class interests gave

26   way to self interest."  *Staton*, 327 F.3d at 961.

27   There is a presumption that the negotiations were conducted in good faith.

28   Newberg, §11.51; *Pridd v. Edelman*, 883 F.2d 438, 447 (6th Circuit 1989); *Mars Steel*

*Corp. v. Continental Illinois National Bank and Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987).  Courts do not substitute their judgment for that of the proponents, particularly where, as here, settlement has been reached with the participation of experienced counsel familiar with the litigation.  *Hammon v. Barry*, 752 F. Supp. 1087 (D.D.C. 1990); *In re Armored Car Anti-Trust Litigation*, 472 F. Supp. 1357 (N.D. GA 1979); *Sommers v. Abraham Lincoln Federal Savings & Loan Association*, 79 F.R.D. 571 (E.D. PA 1978). The fact that settlement results from arms-length negotiations following "relevant discovery" creates "a presumption that the agreement is fair." *Linney v. Cellular Alaska Partnership*, 1997 WL 450064, *5 (N.D. Cal. 1997); *See In re Immune Response Securities Litigation*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007) (settlement approved where informal discovery gave parties clear view of strengths and weaknesses of cases).

Here, the Parties reached a non-collusive settlement after discovery and extended negotiations.  The settlement was finally reached after a day of arm's length negotiations before Steve Rottman, a highly-respected mediator skilled at helping parties attempting to negotiate reasonable settlements in wage and hour class actions.  Obtaining class certification and establishing liability posed significant hurdles for the class that justified the settlement.  The Stipulation falls within the range of reasonable outcomes and merits approval under Rule 23(e).  (Moon Decl., ¶¶ 8-9, 11, 13-20; Melmed Decl., ¶¶ 11-14, 16, 19)

### 1.    The Value of the Settlement to Class Members Is Fair, Reasonable and Adequate

The Parties reached a Settlement in good faith after negotiating at arm's length with a professional mediator.  (Moon Decl., ¶ 8.)  Settlement occurred only after documents and information was shared prior to mediation (including detailed time records for a sample of putative class members).  The information produced in informal discovery produced for mediation, were sufficient to permit Plaintiff's counsel to adequately evaluate the settlement. And, notably, approval of a class action settlement does not require that discovery be exhaustive.  *See*, *e.g.*, *In re Immune Response Securities Litigation*, 497 F.

Supp. 2d 1166, 1174 (S.D. Cal. 2007) (settlement approved where informal discovery gave the parties a clear view of the strength and weaknesses of their cases). The fact that settlement results from arms length negotiations following "relevant discovery" creates "a presumption that the agreement is fair." *Linney v. Cellular Alaska Partnership*, 1997 WL 450064, at *5 (N.D. Cal. 1997).

With respect to the claims asserted on behalf of the Settlement Class in this case, there are significant risks that support the reduced compromise amount. These risks include, but are not limited to: (i) the risk that Plaintiffs would be unable to establish liability for allegedly unpaid straight time or overtime wages, *see Duran v. US Bank Nat'l Ass'n*, 59 Cal. 4th 1, 39 & fn. 33 (2014) ("*Duran*"), *citing Dilts v. Penske Logistics, LLC* 2014 WL 205039 (S.D. Cal. 2014) (dismissing certified off-the-clock claims based on proof at trial); (ii) the risk that Defendant's challenged employment policies might not ultimately support class certification or a class-wide liability finding, *see*, *Duran*, 59 Cal. 4th at 14 & fn. 28 (citing Court of Appeal decisions favorable on class certification issue without expressing opinion as to ultimate viability of proposition); (iii) the risk that uncertainties pertaining to the ultimate legality of Defendant's policies and practices could preclude class-wide awards of statutory penalties under Labor Code §§ 203 and 226(e); (iv) the risk that individual differences between Settlement Class Members could be construed as pertaining to liability, and not solely to damages, *see*, *Duran*, 59 Cal. 4th at 19; (v) the risk that any civil penalties award under the PAGA could be reduced substantially by the Court in its discretion, see Labor Code § 2699(e)(1); (vi) the risk that class treatment could be deemed improper due to the dispute resolution agreements executed by employees or the risk that class treatment could be deemed improper as to one or more claims except for settlement purposes; (vii) the risk that lengthy appellate litigation could ensue, (viii) the substantial risk that differences in the work experiences of employees assigned to different client locations would make both certification and proof of liability prohibitively unlikely. Defendant strongly denies any liability and the propriety of class certification for any reason other than settlement. (Moon Decl., ¶ 15.) Continued

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 17
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

litigation of this lawsuit presented Plaintiffs and Defendant with substantial legal risks that were (and continue to be) very difficult to assess.

In light of the uncertainties of protracted litigation, the settlement amount reflects a fair and reasonable recovery for the Settlement Class Members. (Moon Decl. ¶¶ 12-19; Melmed Decl., ¶ 11-14, 17, 19, Bokhour Decl., ¶ 8.)  The settlement amount is, of course, a compromise figure. (Moon Decl. ¶ 16; Melmed Decl., ¶ 13, 17, 19 Bokhour Decl., ¶ 10.) By necessity it took into account risks related to liability, damages, and all the defenses asserted by the Defendant. (*Id.*)  Moreover, each Settlement Class Member will be given the opportunity to opt out of the Settlement, allowing those who feel they have claims that are greater than the benefits they can receive under this Settlement, to pursue their own claims. (*Id.*)  For the approximately **3,780** members of the Class, the average *gross* recovery before deductions for taxes, fees, and other costs, is approximately **$218.25** per class member. (*Id.*)  The value of this amount reflects a fair compromise well within the range of reasonableness.  Given the strong case that Defendant could bring to bear to challenge certification and liability, this is not an inconsequential sum.  And, confirming the fundamental fairness of the settlement, <u>each Class Member</u> will be compensated based on the number of weeks they that they worked in a relevant position during the class period (the Class members worked full time schedules, rendering allocation by work week equitable). (*Id.*)

The Gross Settlement Amount of **<u>$825,000.00</u>** is about **70%** of the **$1,174,734.95** estimate of *risk-adjusted* recovery (excluding interest) at *this* stage in the litigation. While Plaintiffs would certainly have preferred to recover more (and Defendant would have preferred to pay less), this outcome is in line with a carefully constructed estimate of the current fair value of the case. (Moon Decl., ¶ 17.)  On that basis, it would be unwise to pass up this settlement opportunity.  The maximum damage values are estimates based on average wage rates, numbers of employees, and the amount of time covered by the class period. (*Id.*)

After analyzing the claims in this matter, Plaintiffs have concluded that the value of

this Settlement is fair, adequate and reasonable. (*Id*.)  The maximum calculated reasonable exposure, after removing the *most* implausible or extreme estimated recoveries, is **$10,485,008.33**, *including* PAGA penalties (which, nevertheless, includes a highly optimistic view of what could be proven in this matter).  (*Id*.)  The risk-adjusted value of each claim, on a claim-by-claim basis, is as follows:

- The estimated exposure for off the clock work over the class period was calculated to be **$1,809,662.25** (assuming 15 minutes of off-the-clock work each shift due to standing in lines awaiting their turn to clock-in and Covid screenings).  With risk factor discounts for certification (estimated at 0.3) and liability proof (estimated at 0.4), the current value of that claim is estimated by Plaintiff's counsel to be only **$217,159.47**.

- The estimated exposure for improper regular rate calculation of overtime, meal premiums, sick pay (not considering additional remuneration) as well as failure to pay split shift premiums over the class period was calculated to be **$39,084.33**.  With risk factor discounts for certification (estimated at 0.5) and liability proof (estimated at 0.5), the current value of that claim is estimated by Plaintiff's counsel to be only $9,771.08.

- The reasonably estimated exposure for rest break violations over the class period was calculated at **$3,935,525.75**, but with low chances of certification and proof of liability (30% and 40% respectively) for a risk-adjusted exposure of **$472,263.09** (based on an extreme estimate of two rest period violations for *every* Class Member in *100%* of their work weeks).

- The reasonably estimated exposure for meal break violations over the class period was calculated at **$54,876.00** considering paid by Defendant meal premiums before any risk reductions, but with low chances of certification and proof of liability (40% and 40% respectively) for a risk-adjusted exposure of $8,780.16 (based on an estimate of two meal period violations for *every* Class Member in *50%* of their work weeks).

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 19
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

- The reasonably estimated exposure for unreimbursed expenses over the class period was calculated at **$931,454.50** before any risk reductions, but with low chances of certification and proof of liability (30% and 30% respectively) for a risk-adjusted exposure of **$83,830.91**.

- Risk-adjusted penalty recoveries for wage statement and Labor Code § 203 penalties were estimated to be approximately with low chances of certification and proof of liability (30% and 30% respectively) **$121,801.50** and **$172,703.75,** respectively, on maximum exposures of **$1,353,350.00** and **$1,918,930.50**, respectively (not only are the Section 203 and 226 penalties entirely dependent on the success of the off-the-clock claim, they both must also overcome the defense that Defendant did not intend any underpayment; additionally, the 226 penalty has a one-year statute).

- Performing risk-adjusted valuations for all claims yields a total value in the range of only **$1,174,734.95**, including PAGA.[3] (*Id.*)  PAGA penalties were calculated as having a maximum realistic exposure of **$442,125.00**, but a risk adjusted value of **$88,425.00**, after factoring in risks of reduction in penalties pursuant to Court discretion and the high risk of the inability to prove violations for all aggrieved employees.  (Moon Decl., ¶ 17.)

This result here is fully supportable as reasonable.  First, rest break and meal period claims have been challenging to certify for many years, even after *Brinker*.  (Moon Decl., ¶ 18.)  Second, off-the-clock claims have proven to be extremely difficult to certify by their very nature.  Third, certification rates are lower than conventional wisdom holds.  *See*, *e.g.*, H. Scott Leviant, *Second Interim Report on class actions in California sheds new light on certification* (February 19, 2010), www.thecomplexlitigator.com, available at

---

[3] In a sense, it is nonsensical to assign specific percentages to future events, but it does provide a specific method for attempting to reduce the concept of "very high risk" or "high risk" to a quantifiable amount.  Certification of a claim is typically a binary event.  One does not obtain a 20% certification; a claim is either certified or it is not.  But the current expected value is best quantified by applying a risk reduction, based on the total experience of counsel.

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 20
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

http://www.thecomplexlitigator.com/post-data/2010/2/19/second-interim-report-on-class-actions-in-california-sheds-n.html; *see also*, *Findings of the Study of California Class Action Litigation*, 2000-2006, available at

http://www.courtinfo.ca.gov/reference/documents/class-action-lit-study.pdf (finding, as part of a study conducted by the Judicial Council of California, at page 5, and in Table 9, at page 15, that only 21.4% of all class actions were certified either as part of a settlement *or* as part of a contested certification motion). In estimating risk adjustments here, Plaintiff's counsel has assumed estimated certification probabilities of 30% - 35%, depending on the claim, assumptions that equal or substantially *exceed* the average rate at which cases were certified in California over the study years, based upon data available through the California Courts website. (*Id.*) And those certification risk estimates are likely high, given the factual challenges present in this case in particular (for example, the myriad of work locations for class members and dispute resolution agreements). Given that well under 20% of all cases filed in California as proposed class actions are ultimately certified by way of a contested motion, and a similar trend is seen in federal courts, it is fair to say that, if anything, the use of high estimates for certification *overstates* the realistic current claim value. (*Id.*) Since the recovery is roughly 7.9% of the maximum theoretical recovery (estimated to be approximately $10,485,008.33, including PAGA), it meets the expected outcome under that metric. It would also be appropriate to evaluate the result by examining only the premium wages at issue, excluding penalties and interest.[4] Under that metric, the settlement recovered an amount approximately equal to 14.1% of the realistic unreduced claim value for the premium wages at issue (wages, and meal and

---

[4] The exclusion of interest and penalties from the fairness evaluation is proper because, first, PAGA penalties are discretionary (*see* Lab. Code § 2699(e)(2) (the court in its discretion "may award a lesser amount than the maximum civil penalty amount specified by this part…")), and, second, courts evaluate the strength of a proposed settlement without taking potential penalties or interest into consideration. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 955 (9th Cir. 2000); *see also Miller v. CEVA Logistics U.S.A., Inc.*, 2015 WL 729638, at *7 (E.D. Cal. Feb. 19, 2015) (court utilized calculation of a defendant's exposure exclusive of interest and penalties to determine whether the settlement fell within the range of possible approval).

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
                    Page 21
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1  rest period premiums). Viewed either way, this Settlement achieves the goals of the

2  litigation.

3       By obtaining reasonable value for their claims in light of the substantial risks of

4  litigation, Plaintiffs clearly achieved a fair settlement that merits approval, particularly in

5  light of the risks posed by further litigation.

6              **2.      The Agreed Upon Fees and Costs Are Reasonable**

7                   a)    *Plaintiffs seek reasonable fees.*

8       The compensation sought for Plaintiffs' counsel is also fair and reasonable.  The

9  Ninth Circuit has directed that, to determine what constitutes a fair and reasonable

10  percentage of the settlement for purposes of calculating common fund attorneys' fees, the

11  courts should begin with a "benchmark" percentage of the total fund.  *Paul, Johnson,*

12  *Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Vizcaino v. Microsoft Corp.*,

13  290 F.3d 1043, 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904

14  F.2d 1301, 1311 (9th Cir. 1990).  The percentage can be adjusted upwards where the risks

15  overcome, the benefits obtained and the work necessary to achieve those results supports

16  such an adjustment of the benchmark. The results here fully support the requested fee.

17       The Gross Settlement Amount is **$825,000.00**.  Plaintiff's counsel has agreed to

18  seek no more than **$275,000.00.**  (Moon Decl., ¶ 11; Melmed Decl., ¶ 11;*Staton*, 327 F.3d

19  at 968 [" 'This circuit has established 25% of the common fund as a benchmark award for

20  attorney fees.' "], quoting *Hanlon*, 150 F.3d at 1029.)  Plaintiffs' counsel also requests

21  actual costs incurred and paid without reimbursement in the litigation of this Action, not to

22  exceed **$30,000.00**.

23                   b)    *A lodestar crosscheck will support the requested fee.*

24       Plaintiffs will provide the Court with information for the purposes of calculating

25  attorney's fees under the lodestar method should the Court so desire for ruling on

26  Plaintiffs' fee application at the final fairness hearing.

27       The Ninth Circuit has recognized that the lodestar method "creates incentives for

28  counsel to spend more hours than may be necessary on litigating a case so as to recover a

1    reasonable fee, since the lodestar method does not reward early settlement." *Vizcaino v.*

2    *Microsoft Corp*., 290 F.3d 1043, 1050, n.5 (9th Cir. 2002).  The Ninth Circuit has thus

3    cautioned that, while a lodestar method can be used as a cross check on the reasonableness

4    of fees based on a percentage of recovery method if a district court in its discretion chooses

5    to do so, a lodestar calculation is not required and it did "not mean to imply that class

6    counsel should necessarily receive a lesser fee for settling a case quickly." *Id*.

7            The fee requested by Plaintiffs' counsel represents the fair market value of their

8    labor, and it *is* fair that every class member who benefits from the opportunity to claim a

9    share of the settlement pay his or her pro rata share of attorney's fees.  The regular

10    contingent fee contract of Plaintiffs' counsel provides for attorney's fees between 35% and

11    40% of any recovery obtained for the client. It would be unfair to compensate Plaintiffs'

12    counsel at any lesser rate than the amount requested because the value of their labor is

13    consistent with the requested fee.

14            Finally, as required by *In re Mercury Interactive*, 816 F.3d 988 (9th Cir. 2010),

15    Plaintiffs will file a motion for fees and costs after the Court sets a hearing date for

16    Plaintiffs' Motion for Final Approval of Class Action Settlement.

17           **3.    The Service Payments Are Reasonable**

18            Service payment awards serve to reward the named plaintiffs for the time and effort

19    expended on behalf of the class, and for exposing themselves to the significant risks of

20    litigation. "Courts routinely approve incentive awards to compensate named plaintiffs for

21    the services they provided and the risks they incurred during the course of the class action

22    litigation." *Ingram v. The Coca-Cola Co*., 200 F.R.D. 685, 694 (N.D. Ga. 2001); *In re*

23    *Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997).  In *Coca-*

24    *Cola*, for example, the court approved incentive awards of $300,000 to each named

25    plaintiff in recognition of the services they provided to the class by responding to

26    discovery, participating in the mediation process and taking the risk of stepping forward on

27    behalf of the class. *Coca-Cola*, 200 F.R.D. at 694; *see also Van Vranken v. Atl. Richfield*

28    *Co*., 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 participation award).

Here, Plaintiffs' counsel requests that the Court grant Plaintiffs a service award of $7,500 each. The amount of the service award is reasonable given the risks undertaken by Plaintiffs. Taking the risk of filing a lawsuit against an employer deserves reward. Additionally, Plaintiffs were actively involved in the litigation and settlement negotiations of this Action. And Plaintiffs worked diligently with counsel to prepare the action and conferred with counsel regarding settlement negotiations. (Declaration of Ramirez, ¶¶ 5-19; Declaration of Holguin, ¶¶ 9; Moon Decl., ¶ 32; Melmed Decl., ¶¶ 12) The requested amount is reasonable. Plaintiffs will also provide a general release as a condition of the enhancement, which further supports reasonableness.

### 4.    The Class Notice

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabo*, 18 F.3d 1449, 4 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Parties have agreed to provide notice through first class mail to class members, whose last known addresses are known to Defendant. If any notices are returned with new forwarding addresses, the administrator will re-mail the Notice to the current address. This method of notice clearly suffices.

Rule 23(c)(2)(B) also sets forth requirements regarding the content of the notice. The notice must concisely and clearly state in plain, easily understood language:

- the nature of the action;
- the definition of the class certified;
- the class claims, issues, or defenses;
- that class member may enter an appearance through counsel;

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and

- the binding effect of a class judgment on class members under Rule 23(c)(3).

The proposed notice attached as Exhibit A to the Stipulation complies fully with Rule 23(c)(2)(B). (Moon Decl., Exhibit "A" attached to Exhibit "1".) Courts routinely approve class notices even when they provide only general information about a settlement. *See*, *e.g.*, *Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" sufficient); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (notice "need only describe the terms of the settlement generally.") The class notices drafted by the Parties exceed the "general information" threshold, providing more than adequate notice about the Settlement.

## VI.    THE COURT SHOULD SCHEDULE A FAIRNESS HEARING

The last step in the settlement approval process is the fairness hearing, where the Court makes a final determination about the propriety of settlement. Plaintiffs request that the fairness hearing in this case be scheduled for a date approximately 135 days after issuance of the Court's Order granting preliminary approval of the Settlement. Under the Settlement, the Settlement Administrator will mail out class notices approximately 28 days after preliminary approval, and class members have 60 days after mailing of the notice to submit exclusions or objections. Since the final approval hearing must be held at least 28 days after the filing of the final approval motion, Plaintiffs propose that the final approval hearing should be scheduled for June 19, 2023, or the first available hearing date thereafter that is at least 130 days after the issuance of an Order granting preliminary approval.

## VII.    CONCLUSION

Plaintiffs negotiated a settlement that resolves claims and recovers money for the approximately 3,780 Settlement Class Members. This settlement is fair and reasonable, especially given the claims and the potential defenses to them and the daunting hurdles presenting substantial risks for class certification. Plaintiffs ask the Court to grant preliminary approval of the settlement and adopt the proposed order submitted herewith.

Case No.: 1:22-CV-00542-ADA-SAB
Case No.: 1:22-CV-01042-ADA-SAB
Page 25
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1

Respectfully submitted,

2   Dated: January 24, 2023

**MOON & YANG, APC**

3

4   By: _____

Kane Moon

Lilit Tunyan

5

6   Attorneys for Plaintiff MARIA BUSTOS
RAMIREZ

7   **MELMED LAW GROUP P.C.**

8   By: _____*/s/ Johnathan Melmed*_____

Johnathan Melmed

9   **BOKHOUR LAW GROUP, P.C.**

10

11   By: ____*/s/ Mehrdad Bokhour*_____

Mehrdad Bokhour

12   Attorneys for Plaintiff RAMONA
HOLGUIN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28