1  Kane Moon (SBN 249834)
   Allen Feghali (SBN 301080)
2  Charlotte Mikat-Stevens (SBN 327047)
   **MOON LAW GROUP, PC**
3  1055 W. Seventh St., Suite 1880
   Los Angeles, California 90017
4  Telephone: (213) 232-3128
   Facsimile:  (213) 232-3125
5
6  Attorneys for Plaintiff MARIA BUSTOS RAMIREZ

7  Jonathan Melmed (SBN 290218)
   Meghan Higday (SBN 334626)
   **MELMED LAW GROUP P.C.**
8  1801 Century Park East, Suite 850
   Los Angeles, California 90067
9  Telephone: (310) 824-3828
   Facsimile:  (310) 862-6851
10
11 Mehrdad Bokhour (SBN 285256)
   **BOKHOUR LAW GROUP, P.C.**
12 1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067
   Telephone: (310) 975-1493
13
   Attorneys for Plaintiff RAMONA HOLGUIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BUSTOS RAMIREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERRILL GARDENS, LLC a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants | Lead Case No.: 1:22-CV-00542-SAB<br>Consolidated with 1:22-CV-01042-SAB<br><br>[*Assigned to Magistrate Stanley A. Boone*]<br><br><u>CLASS ACTION</u><br><br>**AMENDED [PROPOSED] ORDER:**<br><br>1. **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>2. **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>3. **APPROVING NOTICE TO CLASS; AND**<br>4. **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Complaint filed:     March 8, 2022<br>Action Removed:    April 18, 2022<br>Action Transferred:  May 5, 2022<br>Action Consolidated: November 7, 2023 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs MARIA BUSTOS RAMIREZ and RAMONA HOLGUIN ("Plaintiffs") and Defendant MERRILL GARDENS, LLC ("Defendant") have reached terms of settlement for a putative class action.

Plaintiffs have filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendant in this consolidated Action, memorialized in the JOINT STIPULATION OF AMENDED CLASS AND REPRESENTATIVE ACTION SETTLEMENT ("Settlement") (*see* SUPPLEMENTAL DECLARATION OF KANE MOON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT ["Suppl. Moon Decl."], at Exh. 1) with attached Exhibits, including the proposed amended form of Notice attached thereto as Exhibit A.

The Settlement between Plaintiffs and Defendant (together, the "Parties") provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement is conditioned upon, among other things, the Court's approval. Terms in this Order shall have the same meaning as in the Settlement, unless otherwise indicated. A summary of the terms of the Settlement is as follows:

- Defendant stipulates to certification of a Settlement Class, to include all Class Members, for purposes of Settlement only. (Settlement, ¶ 19.)

- The Class is defined as: All non-exempt employees of Defendant who worked for Defendant in California during the Class Period (the "Class Period" is March 8, 2018 through the date upon which the Court grants preliminary approval of this Settlement). (Settlement, ¶¶ 3–4.)

- Defendant agrees that **$825,000.00**, known as the "Gross Settlement Amount," plus the employer's share of any payroll taxes related to the settlement payments, represents the maximum amount that it will pay out under the Settlement, inclusive of the following: (a) payments to Settlement Class Members; (b) the maximum gross amount for Class Counsels' attorneys' fees not to exceed 33 1/3% of the Gross Settlement Amount, estimated at **$275,000.00**; (c) the maximum gross amount for all of Class Counsels' litigation costs and associated expenses, which shall not exceed **$30,000.00**; (d) the anticipated gross amount for claims administration costs, estimated at approximately **$30,000.00**; (e) the maximum gross amount for the service payments to be made to the Class Representatives, which is a maximum

$7,500.00 to each (**$15,000.00** total); and (f) the maximum gross amount in the amount of $85,000.00 as part of the consideration for the release of all Released Claims under PAGA, of which 75% (**$63,750.00**) will be paid to the California Labor Workforce Development Agency (the "LWDA") and 25% (**$21,250.00**) will be paid to PAGA Employees. (Settlement, ¶¶ 11, 26(c), 26(g).)

- The PAGA Employees are: All Class Members that worked during the PAGA Period (the "PAGA Period" is February 19, 2021 through the date upon which the Court grants preliminary approval of this Settlement). (Settlement, ¶¶ 12–13.)

- Each Class Member who does not opt out (a "Settlement Class Member") will be paid their share from the Net Settlement Amount, subject to certain taxes and withholdings, and calculated according to the number of hours worked in the Class Period. (Settlement, ¶ 26(i).)

- Class Counsel will not seek an amount greater than **$275,000.00** for attorneys' fees, which is 33 1/3% of the Gross Settlement Amount; should the Court approve an award that is less, the difference shall be added to the Net Settlement Amount for distribution to Settlement Class Members. (Settlement, ¶ 26(m).)

- Class Counsel will not seek an amount greater than **$30,000.00** for reimbursement of actual litigation costs incurred; should actual costs be less and/or the Court approve an award that is less, the difference shall be added to the Net Settlement Amount for distribution to Settlement Class Members. (Settlement, ¶ 26(m).)

- The Class Representative service payments requested will be **$7,500.00** to each Plaintiff ($15,000.00 total); should the Court approve an award that is less, the difference shall be added to the Net Settlement Amount. (Settlement, ¶ 26(n).)

- If a Class Member has not cashed his or her check(s) within 180 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to Legal Aid at Work, a non-profit organization committed to advocating for employees' rights and which provides legal services to low-income communities, located at 180 Montgomery St., Suite 600, San Francisco, CA 94104 https://legalaidatwork.org/ in accordance with Code of Civil Procedure section 384. (Settlement, ¶¶ 26(e), 35).

Case No.: 1:22-CV-00542-SAB
Case No.: 1:22-CV-01042-SAB
Page 2
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

**[PROPOSED] ORDER**

After reviewing the Settlement, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for the respective Parties, if any, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed Class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiffs are typical of the claims of the Class, and Plaintiffs will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members. In the event this Order, the Final Judgment, or an Order Granting Final Approval of the proposed Settlement is overturned, reversed, not affirmed in its entirety or never becomes final, the Settlement Date does not occur, or the Settlement is nullified or invalidated for any reason, the fact that the Parties were willing to stipulate to class certification for purposes of the Settlement shall have no bearing on, nor be admissible in connection with, any issue in this Action or in any other action.

2. The Parties' Settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. The Settlement appears to be presumptively valid subject only to resolution of any valid objections that may be raised at the Final Approval Hearing. The Court finds that it is appropriate to notify the members of the proposed Settlement Class of the terms of the proposed Settlement.

3. The Court further finds that the settlement of Plaintiffs' California Labor Code Private Attorney General Act ("PAGA") claim is fair and reasonable, and preliminarily approves the Settlement and release of that claim as well as the PAGA Allocation in the amount of $85,000.00, to be distributed and paid as 75% ($63,750.00) to the LWDA and as 25% ($21,250.00) to PAGA Employees.

4. The Parties' proposed Notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the Parties, and such Notice is the best notice practicable. The Parties' proposed Class Notice (Suppl. Moon Decl., at Exh. A to the Settlement [Exh. 1]) is

Case No.: 1:22-CV-00542-SAB
Case No.: 1:22-CV-01042-SAB
Page 3
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the Final Approval Hearing and is therefore approved.

5. The following persons are conditionally certified as Class Members solely for the purpose of entering a settlement in this matter:

> All non-exempt employees of Defendant who worked for Defendant in California during the Class Period (the "Class Period" is March 8, 2018 through the date upon which the Court grants preliminary approval of this Settlement). (Settlement, ¶¶ 3–4.)

6. Class Members will be bound by the Settlement unless they submit a timely and valid written request to be excluded from the Settlement within 60 days after mailing of the Class Notice by the Administrator (the "Response Deadline"). In the case of any re-mailed Notices, the Response Deadline will be the later of 60 calendar days after initial mailing or 14 calendar days from re-mailing.

7. Any Settlement Class Member who wishes to object to the Settlement may submit his or her written comment or objection by the Response Deadline and/or appear (or hire an attorney to appear on their behalf) at the Final Approval Hearing and, if permitted by the Court, verbally state any comment or objection. Any written objections shall be transmitted to the Court for the Court's review prior to the Final Approval Hearing.

8. Prior to the Final Approval Hearing, Plaintiffs shall file a motion for final approval of the settlement, including a motion by Class Counsel for an award of attorneys' fees, costs, and the service payment award.

9. ILYM Group, Inc. is appointed to act as the Administrator, pursuant to the terms set forth in the Settlement.

10. Plaintiffs MARIA BUSTOS RAMIREZ and RAMONA HOLGUIN are appointed the Class Representatives and the representative of the Settlement Class for settlement purposes only. Plaintiffs' Counsel, Moon Law Group, PC, Bohkour Law Group, P.C., and Melmed Law Group, are appointed Class Counsel. Class Counsel are authorized to act on behalf of the Class Representatives and the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement and such

Case No.: 1:22-CV-00542-SAB  
Case No.: 1:22-CV-01042-SAB  
Page 4  
*Ramirez v. Merrill Gardens, LLC*  
*Holguin v. Merrill Gardens, LLC*  
**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

other acts reasonably necessary to consummate the Settlement. The authority of Class Counsel includes entering into any necessary modifications or amendments to the Settlement on behalf of the Class Representatives and the Settlement Class which they deem appropriate.

11. Defendant is directed to provide the Administrator not later than 14 days after the date of this order the name, most recent known mailing address, Social Security number, and dates during which each individual was employed by Defendant in California during the Class Period, in accordance with the Settlement.

12. The Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Settlement.

13. The Court orders that a Qualified Settlement Fund, as defined in Treasury Regulations Section 1.468B-1, or other applicable law, shall be established by the Administrator to effectuate the terms of the Settlement and the orders of the Court. The Court hereby finds and orders that the Qualified Settlement Fund:

(a) Shall be established pursuant to this Order of the Court prior to the receipt of any monies from Defendant;

(b) That it shall be established to resolve and satisfy the contested Claims that have resulted, or may result, from the matters that are the subject of this Action and that are released pursuant to the Settlement; and

(c) That the fund or account be established and its assets be segregated (within a separately established fund or account) from the assets of Defendant, and all related other persons in the meaning of Title 26, United States Code, Sections 267(b) and 707(b)(1).

14. A Final Approval Hearing will be held on _____, 2024, at _____ a.m./p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiffs' request for an award of Class Representative Service Payments, and Class Counsels' request for an award of Attorneys' Fees and Costs.

Case No.: 1:22-CV-00542-SAB
Case No.: 1:22-CV-01042-SAB
Page 5
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

15. Any Settlement Class Member may appear at the Final Approval Hearing in person or by his or her own attorney, and offer to show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Service Payments and Attorneys' Fees and Costs.

16. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

17. Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage, or wrongdoing on the part of Defendant, or of the appropriateness of certification of the Class other than for settlement purposes. If the Court does not finally approve the proposed Settlement that is the subject of this Order, all evidence, briefing, and proceedings related to the Settlement shall have no force and effect, and the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Settlement.

18. To the extent permitted by law, pending final determination as to whether the Settlement should be approved, the Court hereby orders that the Class Representatives and all Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this litigation, shall not prosecute any claims or actions against Defendant or other Released Parties (as defined in the Settlement) in any forum, which would be covered by the release of claims as defined in the Settlement.

19. The Court orders the following Implementation Schedule for further proceedings:

| | | |
|---|---|---|
| a. | Deadline for Defendant to comply with notice provisions of Class Action Fairness Act, 28 U.S.C. § 1715. | [Within 10 calendar days after filing of the Motion for Preliminary Approval] |
| b. | Deadline for Defendant to Submit Class Member Information to Settlement Administrator | [Within 14 calendar days after the Preliminary Approval Date] |
| c. | Deadline for Settlement Administrator to Mail Notice to Class Members | [Within 14 calendar days following the Preliminary Approval Date] |
| d. | Deadline for Class Members to Postmark Challenges to Work Hour Disputes | [60 calendar days after mailing of the Class Notice plus 14 calendar days for re-mailed Notices] |
| e. | Deadline for Class Members to Postmark Requests for Exclusion | [60 calendar days after mailing of the Class Notice plus 14 calendar days for re- |

Case No.: 1:22-CV-00542-SAB
Case No.: 1:22-CV-01042-SAB
Page 6
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

| | | |
|---|---|---|
| | | mailed Notices] |
| f. | Deadline for Class Members to Postmark Written Objections to Settlement | [60 calendar days after mailing of the Class Notice plus 14 calendar days for re-mailed Notices] |
| g. | Deadline for Settlement Administrator to Provide Class Counsel with Declaration of Due Diligence and Proof of Mailing | [14 calendar days prior to Deadline for Class Counsel to file Motion for Final Approval of Settlement] |
| h. | Deadline for Class Counsel to file Motion for Final Approval of Settlement (including any request for Attorneys' Fees and Expenses) | [28 calendar days prior to the Final Approval/Fairness Hearing] |
| i. | **Final Approval/Fairness Hearing** | _____, 2024 at \_\_\_\_:\_\_\_\_ a.m./p.m. |
| j. | Deadline for Settlement Administrator to mail the Settlement Awards, Service Award, and PAGA Payments, and to wire transfer the Attorneys' Fees and Costs (if Settlement is Effective) | [28 calendar days after the Effective Date] |
| k. | Settlement Administrator to File Proof of Payment of Settlement Awards, Service Payments, Attorneys' Fees, and Costs (if Settlement is Effective) | [190 calendar days after the Effective Date] |

20. If any of the dates in the above Implementation Schedule falls on a weekend or on a bank or court holiday, the time to act shall be extended to the next business day.

21. Pending further order of this Court, all proceedings in this Action, except those contemplated herein and in the Settlement, are stayed.

**IT IS SO ORDERED.**

Dated: _____ _____

Magistrate Stanley A. Boone
UNITED STATES DISTRICT JUDGE

Case No.: 1:22-CV-00542-SAB
Case No.: 1:22-CV-01042-SAB
Page 7
*Ramirez v. Merrill Gardens, LLC*
*Holguin v. Merrill Gardens, LLC*
**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**