# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BUSTOS RAMIREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL GARDENS, LLC, <br><br> Defendant. | Case No.  1:22-cv-00542-SAB <br><br> ORDER REQUIRING SUPPLEMENTAL DECLARATIONS IN SUPPORT OF SETTLEMENT APPROVAL <br><br> (ECF Nos. 28, 39, 44) <br><br> **DEADLINE: FOURTEEN DAYS** |

On January 24, 2023, Plaintiffs filed a motion for preliminary approval of class action settlement and certification of the settlement class.  (ECF No. 28.)  The Court held a hearing on the matter and ordered supplemental briefing on various issues.  (ECF No. 39.)  Following an extension of time, on December 13, 2023, Plaintiffs filed supplemental briefing and an amended settlement agreement.  (ECF No. 44.)  One aspect of the settlement agreement that was changed was the *cy pres* recipient.  (See ECF No. 44-1 at 3.)  In the initial motion, the Plaintiffs provided declarations attesting that they and each counsel's firms each had no relationship or interest to the previous *cy pres* recipient.  The Plaintiffs have now chosen a different proposed *cy pres* recipient, however, have not provided similar declarations attesting to the fact that the parties nor any counsel have a relationship to the *cy pres* recipient.

The Court shall require all parties and counsel to provide such declarations, including Defendant and their counsel, in line with applicable law.  See Rosales v. El Rancho Farms, No. 1:09-CV-00707-AWI, 2015 WL 4460635, at *9 (E.D. Cal. July 21, 2015) (noting courts are "are

1 wary of distributing cy pres funds to organizations that have a close relationship with class
2 counsel given the appearance of a conflict of interest." (quoting Weeks v. Kellogg Co., No. CV
3 09-08102 MMM RZX, 2013 WL 6531177, at *19 n.102 (C.D. Cal. Nov. 23, 2013)); In re
4 Google Referrer Header Priv. Litig., 869 F.3d 737, 744 (9th Cir. 2017) ("Of course it makes
5 sense that the district court should examine any claimed relationship between the *cy pres*
6 recipient and the parties or their counsel.  But a prior relationship or connection between the two,
7 without more, is not an absolute disqualifier.  Rather, a number of factors, such as the nature of
8 the relationship, the timing and recency of the relationship, the significance of dealings between
9 the recipient and the party or counsel, the circumstances of the selection process, and the merits
10 of the recipient play into the analysis."), vacated and remanded sub nom. Frank v. Gaos, 139 S.
11 Ct. 1041, 203 L. Ed. 2d 404 (2019); City of Long Beach v. Monsanto Co., No. CV 16-3493
12 FMO (ASX), 2020 WL 10540857, at *2 (C.D. Cal. July 13, 2020) ("The parties shall also
13 identify any relationship they or their counsel have with the proposed cy pres recipient.");
14 Nachshin v. AOL, LLC, 663 F.3d 1034, 1038–40 (9th Cir. 2011) ("When selection of *cy pres*
15 beneficiaries is not tethered to the nature of the lawsuit and the interests of the silent class
16 members, the selection process may answer to the whims and self interests of the parties, their
17 counsel, or the court.").

18   Accordingly, IT IS HEREBY ORDERED that within fourteen days of entry of this order,
19 the parties shall file supplemental declarations in line with the legal standards above.[1]

21 IT IS SO ORDERED.

22 Dated:   **December 14, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court provides fourteen (14) days due to the proximity of the holidays, however, if provided earlier, the Court is prepared to issue an order adjudicating this motion forthwith.